812 F.2d 1402
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
$62,950.00 in United States Currency, Defendant-Appellant.
 No. 86-3871.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 8, 1987.
Decided Feb. 9, 1987.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Robert R. Merhige, Senior District Judge. (CA 85-0290).
 Anton Joseph Stelly (Charles E. Ayers, Jr., Ayers & Ayres on brief) for appellant.
 Gurney Wingate Grant, II, Assistant United States Attorney (Henry E. Hudson, United States Attorney on brief) for appellee.
 E.D.Va.
 AFFIRMED.
 Before RUSSELL and WILKINSON, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 This case concerns the forfeiture to the United States of currency allegedly used or intended for use in drug trafficking. Finding that there was substantial evidence to support the district court's decision directing forfeiture, we affirm.
 
 
 2
 On January 1, 1985, John Albert Anderson fatally shot Fred Odum in Anderson's Virginia residence. Anderson reported the shooting to the Goochland County sheriff's department, which arrested Anderson and took him to the county jail. During their initial search of the premises the sheriff's deputies found small quantities of marijuana in the bedroom and living room, which prompted them to call in the Virginia state police. Several state police officers visited Anderson in jail and obtained his written consent for a search of the residence. They later obtained from Anderson the combination to a locked safe located in his bedroom, from which they removed $60,212.00 in currency. They also found $4,360.00 under the mattress in the same room. The state police retained the currency for safekeeping.
 
 
 3
 On January 10, 1986, the Virginia state police released the currency to the federal Drug Enforcement Administration (DEA). At some point $1,622.00 of the money from the safe was deemed to be antique (or collector's) currency, and this was returned to Anderson. Anderson asserted no interest in the money found under his mattress, but he filed a motion in state court for return of the currency found in the safe. Prior to the state court decision on his motion, the United States filed a civil complaint in rem against the remaining $62,950 in federal district court for forfeiture under 21 U.S.C. Sec. 881(a)(6).[1]
 
 
 4
 The district court held that although the search of Anderson's home was legal, the seizure of the contents of the safe was not legal because the combination to the safe was not freely given. Nonetheless, the court held that forfeiture of the currency was proper because there was sufficient untainted evidence, other than the currency itself, to link the currency to illegal drug trafficking. Anderson appealed this decision on the ground that there was insufficient probable cause, under 21 U.S.C. Sec. 881(b)(4), to justify the seizure of the currency.[2]
 
 
 5
 Probable cause for an action under Section 881 must exist at the time of the seizure. United States v. Kemo, 609 F.2d 397 (4th Cir. 1982). The trial court therefore properly confined its consideration of probable cause to the items discovered during the legal search of Anderson's home, plus information known to the DEA prior to its seizure of the currency. The trial court found that these items and information consisted of small amounts of marijuana, growing lights, reflectors, potting soil, and old marijuana stock; the presence in the house of loaded guns in nearly every room; the presence of expensive items not consistent with Anderson's income from wages, such as an expensive stereo, ivory, a BMW automobile, and a trailer; prior knowledge by state police that Anderson lived in a rented house and was building a new house on land he owned; the presence of farm equipment on Anderson's land with no evidence of farming; and prior knowledge by state police that informants had linked Anderson's name to drug trafficking for several years.
 
 
 6
 We find that these items and information, in aggregate, provide substantial evidence to support the trial court's determination that probable cause existed at the time of the seizure. We therefore affirm for the reasons stated by the court below.
 
 
 7
 AFFIRMED.
 
 
 
 [1]
 The statute provides in relevant part as follows:
 (a) The following shall be subject to forfeiture to the United States and no property right shall exist in them: ... (6) All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance in violation of this sub-chapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this sub-chapter, except that no property shall be forfeited under this paragraph, to the extent of the interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner.
 
 
 [2]
 The statute provides in relevant part as follows:
 (b) Any property subject to forfeiture to the United States under this sub-chapter may be seized by the Attorney General upon process issued pursuant to the Supplemental Rules for Certain Admiralty and Maritime Claims by any district court of the United States having jurisdiction over the property, except that seizure without such process may be made when ... (4) The Attorney General has probable cause to believe that the property has been used or is intended to be used in violation of this sub-chapter.